IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT NOAH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 12-091 |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of ) | |
| Social Security ) | |
| ) | |
| Defendant. ) | |

AMBROSE, U.S. Senior District Judge

**OPINION
AND
ORDER**

I. Synopsis

Plaintiff Robert Noah filed this action pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act. 42 U.S.C. §§ 1381-1383f. Pending before the Court are cross-motions for Summary Judgment. ECF Nos. [8] (Plaintiff) & [12] (Defendant). Both parties have filed Briefs in Support of their Motions. ECF Nos. [9] (Plaintiff) & [13] (Defendant). Plaintiff also filed a Reply Brief. ECF No. [14]. After careful consideration of the submissions of the parties, and based on my Opinion, as set forth below, I GRANT Defendant's Motion for Summary Judgment [12] and DENY Plaintiff's Motion for Summary Judgment [8].

1

II. Background

Plaintiff filed an application for DIB and SSI on January 27, 2009. Pl.'s Br. 3. After an August 27, 2010 hearing, at which Plaintiff testified, on October 29, 2010, an Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled under the Social Security Act. *Id.* Upon exhausting all of his administrative remedies thereafter, Plaintiff filed this action. As the parties have filed cross-motions for Summary Judgment, the issues are now ripe for review.

III. Legal Analysis

*A. Standard of Review*

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "[m]ore than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales*, 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel*, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See* 5 U.S.C. § 706.

To be eligible for supplemental security income ("SSI"), a plaintiff must demonstrate that she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 41.920. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. § 416.920. A Claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (Steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (Step 5).

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984).

B. *Medical Sources Given Significant Weight*

Plaintiff claims that the ALJ erred in his RFC analysis because his finding did not incorporate all of the limitations identified in the reports authored by the medical sources whose opinions he gave significant weight. Pl.'s Br. 6. Plaintiff maintains that the ALJ did not explain why any limitations identified by these medical sources were not included in the RFC. *Id.*

Conversely, I find that there is substantial evidence that the ALJ properly considered the opinion evidence from the state agency medical experts in determining Plaintiff's RFC. In making an RFC assessment, an ALJ must describe how the evidence supports his conclusion and explain why certain limitations are not accepted as consistent with the medical or other evidence. *Plummer v. Apfel*, 186 F.3d 422 (3d Cir. 1999) ("An ALJ must consider all the evidence and give some reason for discounting the evidence she rejects."); SSR 96-8p. *See also Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001) (finding an ALJ is not required to discuss every relevant treatment note of a claimant's voluminous medical records as long as the ALJ's decision makes clear why "significant probative evidence was not credited"). Here, the ALJ adequately discusses his consideration of the medical source opinions as evidence in support of his assessment that Plaintiff can perform light work, limited to simple tasks involving little or no judgment, low stress (defined as routine and goal oriented tasks—not production rate pace), with no interaction or interfacing with the public, and occasional interaction with coworkers. ECF No. 7, 14-17.

Plaintiff contends that the ALJ's RFC does not account for the following limitations identified by Dr. Heil: "deficits in attention and concentration, working within a schedule, being on time, working at pace, and accepting instruction from supervisors." Pl.'s Br. 7. However, the ALJ discussed how the medical opinion of Dr. Heil supports a finding of 'not disabled' because

"[t]he only *significant* limitations attributed to the claimant by Dr. Heil are moderate limitations in certain aspects of social interaction as well as in certain aspects of sustained concentration and persistence." ECF No. 7, 16 (emphasis added). The ALJ further explained that he gave the significant limitations identified by Dr. Heil "great weight" because Dr. Heil's opinion was consistent with Plaintiff's subjective evidence of his limitations. *Id.*; *see also id.* at 14-15 (explaining that Plaintiff's alleged limitations regarding his working ability were not supported by the evidence because, despite Plaintiff's subjective assessment of his limited physical condition, Plaintiff's testimony demonstrated that he is able to engage in a "broad range of independent activities" such as dressing and bathing himself, making his own meals, cleaning the house, and doing laundry without assistance). Although Plaintiff asserts that the ALJ erred in not discussing Dr. Heil's finding that Plaintiff was "moderately limited" in his ability to work within a schedule and be on time, because the ALJ discussed how he agreed with the significant limitations identified by Dr. Heil and, in his Explanation of Findings, Dr. Heil stated Plaintiff would be able to maintain regular attendance and maintain concentration and attention for extended periods of time, I find the ALJ's RFC determination is supported by substantial evidence.

Similarly, I find that the ALJ's RFC finding adequately assessed the medical opinion of Dr. Kar. Plaintiff asserts that the ALJ disregarded limitations identified by Dr. Kar finding that Plaintiff has a basic exertional ability to perform "light work" and that he is limited in his ability to climb ramps, stairs, ladders, ropes, and scaffolds and to balance, stoop, kneel, crouch, and crawl. Id. at 7-8. However, the ALJ plainly gave "significant weight" to these limitations. *See* ECF No. 7, 16 (finding Dr. Kar's opinion as to Plaintiff's physical condition, specifically with regard to the ability to occasionally climb, balance, stoop, kneel, crouch, and crawl, "in line with

the residual functional capacity assessment [to perform light work]"). As Plaintiff concedes in his brief, the ALJ's description of Plaintiff's physical limitations clearly contemplates the specific postural limitations Plaintiff claims he ignored (e.g., the ALJ stated that Plaintiff is limited in his ability to climb versus Dr. Kar's opinion that Plaintiff is limited in his ability to climb stairs, ladders, ropes, and scaffolds). Pl.'s Br., 8 n.22. Thus, I find that the ALJ appropriately discussed Dr. Kar's assessment of Plaintiff's limitations in his RFC finding.

In sum, I find that the ALJ's RFC properly includes the significant limitations from the medical sources to which the ALJ gave "significant weight." Moreover, the ALJ accounted for Plaintiff's limitations by tailoring his RFC to the type of light work for which the record showed that Plaintiff is capable (light work limited to simple tasks involving little or no judgment, low stress, no interaction with the public, and occasional interaction with coworkers). ECF No. 7, 14-17.

### C. *Hypothetical Questions Posed to the Vocation Expert*

Plaintiff further argues that he was prejudiced because the ALJ did not include all of the limitations identified by the state agency medical sources (Dr. Heil and Dr. Kar) in the hypothetical questions posed to the Vocational Expert ("VE"). ECF No. 9, 6. Hypothetical questions posed to a VE must include all of a claimant's impairments that are supported by the record for the VE's answer to be considered substantial evidence. *Ramirez v. Barnhart*, 372 F.3d 546, 552 (3d Cir. 2004) (internal citations omitted). For the reasons explained above, I find that the ALJ's RFC assessment properly encompassed all of Plaintiff's limitations that were supported by the record. Thus, it was proper for the ALJ to ask the VE if there were jobs for a person with Plaintiff's vocational background and the RFC to perform "light work" that is "simple in nature" with "little or no judgment required" and that the work would be "low-stress

and routine and goal-oriented, as opposed to production-rate pace" with "no interaction or interface with the public" and only "occasional interaction with co-workers." ECF No. 7, 54-55. Because the ALJ's hypothetical questions included all of Plaintiff's credible limitations, I find there is substantial evidence for the ALJ to rely on the VE's conclusions. *See, e.g., Myers v. Comm'r of Soc. Sec.,* 340 F. App'x 819, 821 (3d Cir. 2009); *Dismuke v. Comm'r of Soc. Sec.*, 309 F. App'x 613, 618 (3d Cir. 2009).

    *D. The Medical Opinion of Terri Sharo, NP-C*

Plaintiff also argues that the ALJ's RFC assessment is flawed because he failed to give proper weight to evidence of Plaintiff's mental impairments as identified by Terri Sharo, the nurse practitioner who served as Plaintiff's mental health provider. Pl.'s Br. 9.

First, Defendant is correct in his assertion that Ms. Sharo is not an acceptable medical source entitled to controlling weight, per 20 C.R.F. § 416.913(d). As a nurse, Ms. Sharo falls under the "Other sources" category. Opinions from "other sources," if accepted, "cannot establish the existence of a medically determinable impairment . . . [but] may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." SSR 06-03p; see 20 C.F.R. § 416.913(d). Therefore, the ALJ did not have to give Ms. Sharo's opinion the same consideration as one from a treating physician. Consequently, I find Plaintiff's reliance on *Brownawell v. Comm. of Soc. Sec.*, 554 F.3d 352 (3d Cir. 2008) not entirely persuasive.[1]

Nevertheless, the ALJ's decision to afford Ms. Sharo's opinion little weight rested on his finding that Ms. Sharo's opinion was "without substantial support from the other evidence of record." ECF No. 7, 17. Plaintiff relies on *Brownawell* and alleges that the ALJ's finding (i) inaccurately characterizes Ms. Sharo's treatment notes, and (ii) fails to properly account for how

---

[1] In *Brownawell*, the ALJ rejected the medical opinion of the claimant's treating physician, an accepted medical source. 354 F.3d at 357.

Plaintiff's mental impairments affect his ability to work. In *Brownawell*, the ALJ failed to give the treating physician's opinion the appropriate weight by "[relying] on facts that were clearly erroneous" and crediting the testimony of a non-examining, consulting physician, even though his opinion conflicted with that of the claimant's treating physician. *Id.* at 355 & 357. I do not find that to be the situation here.

First, the ALJ did not mischaracterize Ms. Sharo's progress notes. ECF No. 7, 17. The record supports the conclusion that Ms. Sharo's diagnoses contradict her treatment notes. ECF No. 7, 16-17; *compare* ECF No. 7, 358-360 (Mental Status Questionnaire completed by Ms. Sharo) *with id.* at 275-284 & 331-337 (Ms. Sharo's progress notes). For example, Ms. Sharo's progress notes belie her diagnosis of "major depression" on Plaintiff's Mental Status Questionnaire. ECF No. 7, Ex. B13F, 337-57 (finding generally no or minimal depression during treatment).

Second, I find that the ALJ's discussion of why he found Ms. Sharo's treatment notes more representative of Plaintiff's true condition (rather than her RFC assessment) to be substantial evidence in support of his conclusion. ECF No. 7, 17. Plaintiff asserts that this reasoning is flawed because of the Third Circuit's instruction in *Brownawell*. In *Brownawell*, the Third Circuit advised ALJs that it is improper to discredit a doctor's RFC assessment merely because his treatment notes differ from his ultimate opinion regarding a claimant's ability to work. 554 F.3d at 356-57 (stating that "a doctor's notation that a condition is "stable" during treatment does not necessarily support the conclusion that the patient is able to work"). Because the ALJ in this case also explained how Ms. Sharo's conclusion conflicted with the other evidence of record, contributing to his decision to give her opinion diminished weight, this case is further distinguishable from *Brownawell*.

8

Here, the finding that Ms. Sharo's progress notes conflict with her RFC opinion is merely one reason cited by the ALJ in finding that Plaintiff is able to work. ECF No. 7, 17 (finding Ms. Sharo's notes inconsistent with her RFC opinion because she typically reported (i) Plaintiff's overall condition as "stable," (ii) that he was not depressed, and (iii) that he responded well to medication). The ALJ also reasoned that Plaintiff's mental impairments did not prevent him from working because (i) Plaintiff's symptoms of depression, anxiety, and substance abuse "have generally been assessed as mild to moderate and treatment records show that his symptoms are responsive to medication," (ii) in October, 2006, Dr. Mikhail Vassilenko, of the Western Psychiatric Institute and Clinic, assessed Plaintiff's Global Access Functioning (GAF) score at a range corresponding to moderate symptoms (50-55), (iii) in December 2009, Plaintiff's primary care physician, Dr. Wong, described Plaintiff's depression as "mild-to-moderate," and (iv) Plaintiff's description of his condition conflicts with Ms. Sharo's notes (e.g., during Spring 2009, Plaintiff reported that it is "getting harder and harder to cope with everyday life" but Ms. Sharo's notes indicate that his mood was "good" and that he was "doing OK"). ECF No. 7, 16. I find these conclusions to be supported by the medical evidence of record. *Id.* at 165-76 (despite his physical limitations, Plaintiff describes his ability to accomplish a broad range of independent activities), 294 (Richard Heil, Ph.D. conducted a mental RFC assessment and concluded that Plaintiff's moderate limitations do not prevent him from meeting "the basic mental demands of competitive work on a sustained basis despite the limitations resulting from his impairments"),[2] 323 (Plaintiff completed a Beck Depression inventory for his primary care physician and his score indicated mild-to-moderate depression), & 331 (approximately two years after Dr. Vassilenko's assessment, Dr. Sharo also assigned Plaintiff a GAF score indicative of moderate

---

[2] Although Dr. Heil is a non-examining physician, the ALJ explained that he gave Dr. Heil's opinion "great weight" because he found it to be consistent with the subjective evidence of record. ECF No. 7, 16.

9

symptoms (58)). For all of the foregoing reasons, I find substantial evidence for the ALJ's explanation of his decision to assign Ms. Sharo's opinion a reduced level of weight.

IV. Conclusion

Based on the evidence of record and the briefs filed in support thereof, I find there is substantial evidence to support the ALJ's conclusion that Plaintiff is not disabled within the meaning of the Social Security Act. As a result, I DENY Plaintiff's motion for Summary Judgment, and I GRANT Defendant's motion for Summary Judgment.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT NOAH,                )
                            )
        Plaintiff,           )
                            )
    v.                       )    Civil Action No. 12-091
                            )
Michael J. Astrue,          )
Commissioner of             )
Social Security             )
                            )
        Defendant.          )

AMBROSE, U.S. Senior District Judge

ORDER OF COURT

AND NOW, this 30th day of January, 2013, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. [8]) is DENIED and Defendant's Motion for Summary Judgment (Docket No. [12]) is GRANTED. In accordance with 42 U.S.C. § 405(g), the administrative decision of the Commissioner of Social Security is hereby AFFIRMED.

                                        BY THE COURT:


                                        /s/ Donetta W. Ambrose____
                                        Donetta W. Ambrose
                                        U.S. Senior District Judges